ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LUIS DANIEL COLÓN COLÓN<br>Parte Demandante-Reconvenido<br><br>v.<br><br>JEANNETTE MELÉNDEZ FERNÁNDEZ ET ALS.<br>Parte Peticionaria | TA2025CE00024 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>BDP2009-0001<br><br><br>Sobre:<br>Daños y Perjuicios |
| JEANNTTE MELÉNDEZ FERNÁNDEZ ET ALS.<br>Parte Peticionaria<br><br>V.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO Y OTROS<br>Parte Recurrida | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>BPE-2010-0001<br>Sobre: Discrimen, Represalia &<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Comparece la peticionaria, Jeannette Meléndez Fernández (en adelante Sra. Meléndez) mediante un recurso de *Certiorari* radicado el 23 de junio de 2025 en el cual nos solicita se revoque la Resolución del 2 de mayo de 2025, notificada el 8 de mayo de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Aibonito. En dicha determinación, el TPI ordenó la exclusión de documentos anunciados por la parte peticionaria en el Informe de Conferencia con Antelación a Juicio.

NÚMERO IDENTIFICADOR

RES2025_____

**I.**

Para el 16 de enero de 2009, el Sr. Luis Colón Colón presentó una Demanda sobre Daños y Perjuicios contra la Sr. Jeannette Meléndez Fernández y otros; caso número BDP2009-0001. En síntesis, arguyó que ocupaba el cargo de Presidente de la Junta de Directores de la Cooperativa de Ahorro y Crédito San José y que la Sra. Meléndez fungía como Secretaria Administrativa de la Cooperativa, asignada a la Junta. Alegó que la Sra. Meléndez le curso una carta al Vicepresidente de la Junta y a los miembros acusándolo falsamente de haberle violentado sus derechos como madre lactante; y que la difusión de la carta, junto con la campaña de difamación iniciada por la Sra. Meléndez le ha ocasionado daños y perjuicios.

El 6 de marzo de 2009, la Sra. Meléndez contestó la demanda. En su contestación, la Sra. Meléndez aceptó haber remitido una carta con fecha del 15 de octubre de 2008 al Vicepresidente y miembros de la Junta. Alegó que lo expresado en la carta era una expresión de cómo se sentía ante unas situaciones y sus inquietudes. Junto con la contestación a la demanda, la Sra. Meléndez presentó una reconvención y una demanda contra terceros, contra la Cooperativa de Ahorros y Crédito San José y otros. Arguyó que la Cooperativa respondía por la negligencia y/o actos culposos de sus directores, ejecutivos y funcionarios por no haberle dado paso a un procedimiento que atendiera los asuntos planteados en su carta del 15 de octubre de 2008. Asimismo, adujo que responde por los actos discriminatorios y de hostigamiento de los directores, ejecutivos y funcionarios al presionarla a que retirara su carta e intimidarla con iniciar un procedimiento legal en su contra.

Por otro lado, el 13 de enero de 2010 la Sra. Meléndez presentó una Querella por discrimen, despido; discrimen bajo la Ley 100, violaciones a SINOT, represalias, daños y perjuicios y otros, caso número BPE2010-0001. La Sra. Meléndez planteó alegaciones similares a las incorporadas en la reconvención y demanda contra terceros.

Luego de múltiples tramites procesales, el TPI dictó el 21 de julio de 2021 una *Sentencia Parcial* desestimando las reclamaciones presentadas por la Sra. Meléndez al amparo de la Ley 80, Ley 427 y Ley 149 en los casos BPD2009-001 y BPE2010-0001; quedando vigente la reclamación por discrimen al amparo de la Ley 100 y la Ley de Represalias.

El 10 de abril de 2024, el TPI emitió una Resolución para aclarar el alcance de lo resuelto en la Sentencia Parcial. En lo pertinente, el foro primario estableció que la controversia subsistente en el caso y la que se estaría atendiendo en el juicio en su fondo se circunscribe en determinar si hubo o no motivos discriminatorios en las actuaciones incurridas por la Cooperativa en el proceso de poner en vigor el traslado de puesto y asignación de tareas por parte de don Luis Colón, la Junta de Directores, sus miembros demandados o la Cooperativa. Esto, al amparo de las disposiciones de la Ley de Protección contra discrimen por razón de sexo o género, Ley 100 de 30 de junio de 1959, según enmendada y la Ley de Protección contra discrimen por represalias, Ley 115 de 20 de diciembre de 1991, según enmendada.

El 14 de enero de 2025, las partes presentaron el Informe Preliminar Conjunto sobre Conferencia con Antelación a Juicio. La prueba anunciada por la Sra. Meléndez motivo que la Cooperativa presentara una Moción *In Limine.* La Cooperativa solicitó la exclusión de cierta prueba documental anunciada por la Sra. Meléndez por razón de impertinencia; falta de autenticidad y prueba de referencia. En síntesis, planteó que la prueba documental anunciada era impertinente para las dos (2) causas de acción vigentes.

El 25 de febrero de 2025, la Sra. Meléndez presentó la Oposición a *Moción In limine.* En la misma, la parte arguyó que ha intentado que la parte demandada estipule hechos pertinentes que surgen de las actas. Alude que de las actas se desprende información sobre los cambios de funciones de la Sra. Meléndez; que se contrató los servicios del Lcdo. Juan A. Montes para

que presentara la demanda en contra de esta como un acto de represalias y que demuestran que el Sr. Luis Colón tenía problemas de salud que afectaban su desempeño. Asimismo, alega que las actas demuestran el entorpecimiento de la Cooperativa y de su Junta de Directores en investigar las quejas de la Sra. Meléndez.

El 2 de mayo de 2025, el TPI emitió una Resolución mediante la cual declara Con Lugar la eliminación de cierta prueba anunciada por la Sra. Meléndez por entender que no era pertinente para la reclamación por discrimen y represalias. Los documentos excluidos por el TPI son los siguientes:

- Carta de 23 de septiembre de 2008.

- Carta de 27 de septiembre de 2008.

- Carta de 14 de octubre de 2008.

- Acta de reunión ordinaria de la Junta de directores de 31 de enero de 2009.

- Contestación a Querella del Sr. Echevarría Martínez de 3 de febrero de 2009.

- Comunicaciones del Comité de Supervisión y Auditoria de 25 de febrero de 2009 al Sr. Luis Colón Colón.

- Informe de licencia utilizada expedido el 13 de marzo de 2009, firmado por Sra. Santos Cintrón, del Sr. Luis Daniel Colón.

- Acta de reunión ejecutiva de 30 de mayo de 2009, aceptando renuncia del Sr. Colón.

- Carta de 9 de junio de 2009 del Sr. Cotto y la Srta. Martínez al Sr. Colón sobre aceptación de su renuncia.

- Acta de reunión extraordinaria 17 de junio de 2009.

- Transcripción de salarios y determinación monetaria de 13 de enero de 2010 del Departamento del Trabajo.

- Determinación del Departamento del Trabajo y Recursos Humanos, Negociado de Seguridad de Empleo, División de Seguro por Desempleo enviada el 8 de febrero de 2010.

- Lista "Listado" de empleados años 2008 y 2009 (regulares y por contrato, por posición y antigüedad.

- Querella Martin Ortiz (2011-13-005-00159; de 9 de enero de 2011.

- Carta de Martín Ortiz Rolón a Víctor Coto Colón de 12 de enero de 2011.

- Minuta reunión conciliatoria entre el Sr. Martin Ortiz Rolón y el Sr. Ricky Berríos de febrero de 2011.

- Planillas de contribución sobre ingresos de la Sra. Meléndez de 2005 a 2009.

- Expediente de personal (excepto) aquellas partes que demuestren actos discriminatorios o culposos por parte del patrono).

- Certificaciones médicas de la Dra. Viviana Pastrana Bonilla, Psiquiatra sobre incapacidad para volver a trabajar.

Además, el TPI también excluyó la siguiente prueba a no ser que se sentaran las bases evidenciarías y de pertinencia en la vista argumentativa:

- Récord médico Hospital General Menonita, Inc.;

- Récord médico Menonita CIMA

- Récord médico hospital Menonita, sala de Emergencias

- Grabación acogida en el acta número 11 de la Asamblea del Distrito número I de Aibonito de 19 de abril de 2009.

La Sra. Meléndez presentó una *Moción de Reconsideración*, la cual fue denegada el 22 de mayo de 2025.

Inconforme, la peticionaria acudió ante este Tribunal mediante la presentación de un recurso de Certiorari, en el que alega que:

> **PRIMER ERROR: El Tribunal de Primera Instancia cometió un error craso y manifiesto y abusó de su discreción al excluir, de la prueba anunciada por la Peticionaria, evidencia admisible y pertinente a las causas de acción vigentes y de sus daños.**
>
> **SEGUNDO ERROR: Erró el Tribunal de Primera instancia al declarar "No Ha Lugar" a la solicitud de reconsideración presentada por la Parte Peticionaria.**

**II.**

**A.**

El recurso de certiorari es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 486-487 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "[L]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. V. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 40 de nuestro Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de certiorari. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. García v. Padró, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, Derecho Procesal Apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, pág. 336 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. Scotiabank de Puerto Rico v. Zaf Corporation, 202 DPR

478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. Id. Así pues, la Regla 52.1 de Procedimiento Civil, supra, dispone que podemos expedir el recurso de certiorari para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [Injuction] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

**B.**

La Regla 401 de las de Evidencia define la evidencia pertinente como "aquélla que tiende a hacer la existencia de un hecho, que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia. Esto incluye la evidencia que sirva para impugnar o sostener la credibilidad de una persona testigo o declarante. 32 L.P.R.A. Ap VI, R. 401.

Por su parte, la moción *In Limine* es una solicitud para obtener del tribunal una decisión sobre la admisibilidad de evidencia anunciada, antes de que se trate de presentar formalmente en el juicio plenario. McCormick on Evidence, Fourth Edition, West Publishing, 1992, pág. 74. La concesión de dicha moción es una que cae perfectamente dentro de la amplia discreción que tiene el tribunal para dirigir el proceso judicial. *Sierra v. Tribunal Superior*, 81 DPR 554, 560 (1959).

**III.**

Luego de examinado el recurso ante nuestra consideración, así como los anejos, no hemos encontrado fundamento legal alguno que amerite la

expedición del auto de certiorari, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos expresados, se deniega la expedición del recurso de Certiorari.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones